IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-02520-RMR-JPO

JENNIFER RYLATT,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, DEPARTMENT OF FINANCE,

    Defendant.

**ORDER ON MAGISTRATE JUDGE RECOMMENDATION ECF 25**

    This matter is before the Court on the Recommendation of United States Magistrate Judge James P. O'Hara entered on July 12, 2024, ECF No. 25, addressing Defendant's Motion for Dismissal of Plaintiff's Verified Complaint and Jury Demand, ECF No. 11. Magistrate Judge O'Hara recommends that the Defendant's motion be granted.

    Plaintiff timely filed Objections to the Recommendation at ECF No. 26. Defendant filed a response at ECF No. 27. The Court has received and considered the Recommendation, the Objections, the record, and the pleadings. For the reasons stated below, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** the Plaintiff's objections and **ADOPTS IN PART** and **REJECTS IN PART** the Recommendation.

    **I.    LEGAL STANDARD**

    The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made,

and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## II.  ANALYSIS

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein.

Plaintiff lists five "specific objections" to the Recommendation. She essentially objects to the entirety of the Recommendation except Magistrate Judge O'Hara's analysis on her failure to accommodate claim in violation of the Family and Medical Leave Act ("FMLA") and his determination that the threat of future termination could plausibly constitute a material adverse employment action. ECF No. 26 at 3, 7. Despite the title, "specific objections," the objections are general in nature and do not appear to cite to any specific errors in Magistrate Judge O'Hara's factual findings or legal analysis. As the Defendant suggests, because the objections are not "sufficiently specific to focus the

district court's attention on the factual and legal issues that are truly in dispute" they could be deemed waived. *One Parcel*, 73 F.3d at 1060–61. When objections are deemed waived the parties are not automatically entitled to de novo review of the Recommendation. *Id.* However, even under a de novo review, the Court concludes that the Recommendation is a correct application of the facts and the law, and it accurately sets forth and applies the appropriate legal standard. For the reasons stated in the Recommendation, Plaintiff cannot show a plausible right to relief on her claim for retaliation in violation of the Dever Department of Finance's Rule 18 Dispute Resolution, §18-10 Open Door Policy ("Open Door Policy"), her claim for retaliation in violation of the FMLA, or her claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

    **A.**    **Retaliation in Violation of the Denver Department of Finance's Rule 18 Dispute Resolution, §18-10 Open Door Policy**

Magistrate Judge O'Hara recommends that Plaintiff's retaliation claim be dismissed for failure to state a claim upon which relief may be granted because: 1) the Court was not provided a copy of the Open Door Policy to review, and 2) Plaintiff did not cite to any authority that the policy created a cause of action for retaliation. In her Objection, Plaintiff claims that Magistrate Judge O'Hara misquoted her Complaint and failed to note specific allegations regarding her claim. ECF No. 26 at 7. Plaintiff also attaches the Open Door Policy as Exhibit A to her Objections. ECF No. 26-1.

Plaintiff does not explain how or where Magistrate Judge O'Hara misquoted her Complaint. Upon review, this Court cannot discern how or where the Complaint was misquoted and therefore this objection is overruled. Plaintiff also argues that the Open

Door Policy was not required to be attached to the Complaint, but "nevertheless" attaches it to her Objections. ECF No. 26 at 2; ECF No. 26-1. The Court now determines whether the contents of the policy are properly before it for purposes of this objection. It is not. Plaintiff asks this court to review a document which was admittedly not appended to the Complaint and was not presented to the Magistrate Judge when he ruled on the motion. A party may not raise for the first time or present for the first time documents or arguments on appeal that were not made to the magistrate judge. *See Chiari v. New York Racing Ass'n Inc.,* 972 F. Supp. 2d 346, 351–52 (E.D.N.Y. 2013) ("Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge.") (citation omitted). Nonetheless, even were the court to consider the contents of the Open Door Policy, it would not compel a different result. Magistrate Judge O'Hara wrote "[t]he Court cannot find, nor did Plaintiff cite, any authority which states that the [Open Door Policy] in and of itself creates a cause of action for retaliation with a legal remedy." ECf No. 25 at 9. Neither can this Court, and Plaintiff still fails to identify any law creating a cause of action in her Objections. Therefore, the Court finds that Magistrate Judge O'Hara was correct when he determined that Plaintiff's claim for retaliation in violation of the [Open Door Policy] failed to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6).

    **B.    Retaliation in Violation of the FMLA**

Next, Magistrate Judge O'Hara recommends that Plaintiff's claim for retaliation in violation of the FMLA be dismissed for failure to plead sufficient factual allegations to

support a claim for relief. This Court agrees that Plaintiff must include more detail in her Complaint for a claim of retaliation to be plausible. To state a prima facie case of retaliation pursuant to the FMLA, a plaintiff must show "(1) she engaged in protected activity, (2) the employer took a materially adverse action, and (3) there is a causal connection between the two." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). "[W]hile Plaintiff is not required to set forth a prima facie case for each element, she is required to set forth plausible claims." *Id.* There is no dispute here that Plaintiff participated in a protected activity when she took FMLA leave. It's the second and third elements that are disputed.

Plaintiff claims two materially adverse employment actions: 1) when plaintiff requested to work in another department after returning from FMLA leave, Defendant "retalitorily [sic] notified the Plaintiff that they would seek other positions for 90 days and if a position was not found at the end of the 90 days, Plaintiff would be terminated," and 2) the "Memorandum of November 7, 2022, severely harmed Plaintiff's reputation with the City; Plaintiff's prospects of employment in other Departments/Positions diminished." ECF No. 6 at 9-10. Magistrate Judge O'Hara found, viewing the facts in the light most favorable to the Plaintiff, that the threat to terminate Plaintiff after 90 days if another position was not found constituted a materially adverse employment action. ECF No. 25 at 8. Plaintiff does not object to this finding. Plaintiff does object to Magistrate Judge O'Hara's findings that the November 7, 2022 Coaching Memorandum (the "Coaching Memorandum") was not a materially adverse employment action. Having read the Complaint, ECF No. 6, the Court agrees with the Recommendation. The factual

5

allegations are not sufficient to plausibly suggest that the Coaching Memorandum was a materially adverse employment action. Plaintiff claims the Coaching Memorandum "victimizes the Plaintiff to materially adverse employment action," resulting in "loss of wages and benefits, economic damage, loss of prospective business opportunity and growth, and reputational damage." ECF 6 at 6,10. These conclusory allegations, without some facts, are insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For example, Plaintiff does not identify who had access to the Coaching Memorandum so that he or she could take it into consideration for hiring purposes. Rather than point to facts in the record that demonstrate an adverse employment action as a result of the Coaching Memorandum, Plaintiff simply states in her Objections, "[t]his Complaint contains 'enough information' giving Defendants fair notice of Plaintiff's claims and the grounds upon which she rests such claims. Thus, there are sufficient facts pled." ECF No. 26 at 8 (citations omitted). The Court disagrees. This objection is overruled.

Magistrate Judge O'Hara also found that Plaintiff failed to sufficiently plead the third element of retaliation because Plaintiff failed to allege sufficient facts to show a connection between the claimed adverse employment actions and her taking FMLA leave or bad intent or retaliatory motive on the part of the Defendant. ECF No. 25 at 9. The Tenth Circuit has "characterized the showing required to satisfy the third prong under a retaliation theory to be a showing of bad intent or 'retaliatory motive' on the part of the employer." *Utter v. Colclazier*, 714 F. App'x 872, 880–81 (10th Cir. 2017). For the threat

of future termination, the Court agrees with the Magistrate Judge that Plaintiff failed to sufficiently allege specific facts to support a retaliative motive against Plaintiff for taking FMLA leave when the Defendant allegedly threatened future termination if a position in another department could not be found for Plaintiff within 90 days after returning from FMLA leave. ECF No. 25 at 9. Plaintiff objects to the Magistrate Judge's suggestion that the alleged threat of future termination was likely tied to the allegations of Plaintiff's bullying rather than in retaliation for her taking FMLA leave. ECF No. 26 at 4. Absent any facts to show ill intent on the part of the Defendant or that the threat of future termination is tied to Plaintiff taking leave under the FMLA, the Court agrees with Magistrate Judge O'Hara's analysis. Additionally, if the Court were to find the Coaching Memorandum was a materially adverse employment action, Plaintiff has not sufficiently alleged a causal connection between the FMLA leave and the Coaching Memorandum because the Coaching Memorandum was written *before* Plaintiff's protective activity of taking FMLA leave. *Utter*, 714 F. App'x at 881 ("We have held that a plaintiff cannot prove a causal connection when the decision maker took the challenged employment action without knowledge that the plaintiff was taking FMLA leave."). In fact, Plaintiff alleges it was the Coaching Memorandum that caused her to seek FMLA leave. ECF No. 6 at 7. Plaintiff's second objection is overruled.

    **C.    Age Discrimination in Violation of the ADEA**

Finally, Magistrate Judge O'Hara addressed Plaintiff's ADEA claim. Magistrate Judge O'Hara first found that there was no adverse employment action, and then he found that Plaintiff failed to plead sufficient facts demonstrating that age motivated

7

Defendant's decision to treat her differently than another employee who happened to be younger. ECF No. 25 at 11-12. The Court agrees with the Recommendation—there are no facts pled that lead to the plausible inference that what Plaintiff claims is the adverse employment action, the Coaching Memorandum, was issued because of age and not the bullying. *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993), is instructive here. "In a disparate treatment case, liability depends on whether the protected trait—under the ADEA, age—actually motivated the employer's decision. … Whatever the employer's decision-making process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome." *Id.* at 610. The Plaintiff claims that Defendant never investigated the concerns she raised about the younger employee, ECF No. 6 at 10, and never questioned the credibility of the younger employee who accused Plaintiff of bullying her, ECF No. 26 at 9. In her Objection, Plaintiff asks the Court to make the "obvious inference" that the "more favorable treatment" of the other employee was because of age. *Id.* Plaintiff alleges that Defendant "took the word of the younger" employee, ECF No. 6 at 10, but this without more is not sufficient to claim that Plaintiff's age was a "determinative influence" on Defendant's decision to issue the Coaching Memorandum for bullying, which the Court has already determined was not a materially adverse employee action. *See supra* II.B. Therefore, Plaintiff's third objection is overruled.

Finally, Magistrate Judge O'Hara recommends that the Court dismiss Plaintiff's First Claim for Relief (Retaliation in Violation of the City's Open Door Policy) and Plaintiff's

8

Second Claim for Relief as to failure to accommodate under the FMLA with prejudice. "Plaintiff does not object to the recommendation dismissing with prejudice Count II Failure to Accommodate under the FMLA only" ECF No. 26 at 7. Therefore, the portion of the second claim for relief based on the failure to accommodate under the FMLA is dismissed with prejudice. Plaintiff does object to the dismissal of the First Claim for Relief with prejudice. The Court does not agree that Plaintiff's First Claim for relief should be dismissed with prejudice. *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) ("[A] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."). Here, the Court is not convinced that it would be futile to give Plaintiff an opportunity to amend her Complaint. It is possible Plaintiff may be able to point to law creating a cause of action under the Open Door Policy. Accordingly, the Court will dismiss Plaintiff's claim of retaliation in violation of the Open Door Policy without prejudice. Thus, Plaintiff's fourth objection is sustained.

Plaintiff's fifth Objection simply restates her objection to Magistrate Judge O'Hara's Recommendation that her claims be dismissed. Reviewing the Defendant's arguments, and considering the motion to dismiss de novo, the Court agrees with the Magistrate Judge's determination that the Plaintiff cannot establish a plausible right to relief on any of her causes of action. Thus, Plaintiff's fifth objection is overruled.

For these reasons, and the reasons set forth in the Recommendation, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** Plaintiff's objections and **ADOPTS IN**

**PART** and **REJECTS IN PART** the Recommendation. The Defendant's motion to dismiss is **GRANTED**.

### III.   CONCLUSION

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's Objection numbers one, two, three, and five to the Recommendation, ECF No. 26, are **OVERRULED**;

2. Plaintiff's Objection number four to the Recommendation, ECF No. 26, is **SUSTAINED**;

3. The Recommendation, ECF No. 25, is **ADOPTED IN PART** and **REJECTED IN PART**;

4. The Defendants' Motion to Dismiss, ECF No. 11, is **GRANTED**;

5. The portion of Plaintiff's Second Claim for Relief claiming a failure to accommodate under the FMLA is **DISMISSED WITH PREJUDICE**;

6. Plaintiff's First Claim for Relief, retaliation in violation of the Open Door Policy, is **DISMISSED WITHOUT PREJUDICE;**

7. The portion of Plaintiff's Second Claim for Relief claiming retaliation under the FMLA is **DISMISSED WITHOUT PREJUDICE;** and

8. Plaintiff's Third Claim for Relief, age discrimination in violation of the ADEA, is **DISMISSED WITHOUT PREJUDICE**.

DATED:  August 28, 2024

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge